UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD.<br><br>                                    Plaintiff,<br><br>             v.<br><br>UNITED STATES,<br><br>                                    Defendant. | Court No. 22-00190 |

COMPLAINT

Plaintiff is Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao"). Senmao, by and through its attorneys, allege and state the following:

I. JURISDICTIONAL STATEMENT

1. This action is brought to contest the final results of the U.S. Department of Commerce ("the Department" or "Commerce") under 19 U.S.C. §1675 in the antidumping duty administrative review of Multilayered Wood Flooring from the People's Republic of China. *Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 39464 (July 1, 2022) ("Final Results") and accompanying Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Multilayered Wood Flooring from the People's Republic of China; 2019-2020, dated June 24, 2022 ("IDM").

2. This action is brought pursuant to sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and

1

1516a(a)(2)(B)(iii)), and pursuant to 28 U.S.C. § 1581(c), which confer upon this Court exclusive jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II.   STANDING OF THE PLAINTIFFS

3.   Senmao is a foreign producer and exporter of the subject merchandise and is an interested party as defined by 19 U.S.C. § 1677(9)(A).  Senmao fully participated in the proceeding before Commerce that is the subject of this action as a mandatory respondent.  Therefore, Senmao has standing under 28 U.S.C. §2631(c) and 19 U.S.C. § 1516a(d).

## III.   TIMELINESS OF THIS ACTION

4.   The Final Results of administrative review were published in the Federal Register on July 1, 2022.   Senmao filed its summons on July 7, 2022, which is within 30 days of the publication of Commerce's determination.  *See* 19 U.S.C. § 1516a(2)(A).  Plaintiffs timely file this complaint on the same day as the summons, which is within the time limit required by 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## IV.   STATEMENT OF FACTS

5.   Upon requests filed by interested parties, Commerce initiated the underlying administrative review on February 2, 2021.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 8166 (February 4, 2021).

6.   Senmao was selected as a mandatory respondent.  *See e.g. Multilayered Wood Flooring From the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Preliminary Determination of No Shipments, and Rescission of Review, in Part; 2019–2020,* 86 Fed. Reg. 73252 (December 27, 2021).

7. This was not the first time that Senmao has been reviewed as a mandatory respondent. Senmao was reviewed and received zero, de minimis, or small margins in numerous administrative reviews. *Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 38002 (August 5, 2019) (zero margin); *Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Partial Rescission; 2015-2016*, 83 Fed. Reg. 35461 (July 26, 2018) (zero margin); *Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Partial Rescission of Antidumping Duty Administrative Review; 2014-2015*, 82 Fed. Reg. 25766 (June 5, 2017) (de minimis margin). Even in reviews where Senmao received a margin as a mandatory respondent it was small. *Multilayered Wood Flooring from the People's Republic of China: Notice of Court Decision Not in Harmony With the Final Results of the Second Antidumping Duty Administrative Review*, 85 Fed. Reg. 83888 (December 23, 2020) (3.92 percent margin for 2012-2013 review).

8. Commerce published its Preliminary Results on December 27, 2021. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review, Preliminary Determination of No Shipments, and Rescission of Review, in Part; 2019–2020*, 86 Fed. Reg. 73252 (December 27, 2021) ("Preliminary Results"). In the Preliminary Results, Commerce again calculated a zero margin for Senmao.

9. In the Preliminary Results, Commerce selected Brazil over Malaysia as the primary surrogate country, but valued Senmao's log inputs using surrogate value data from Malaysia. Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative

Review: Multilayered Wood Flooring from the People's Republic of China; 2019-2020, dated December 17, 2022 ("Preliminary Decision Memorandum") at 17.  This was contrary to Commerce's practice to value all factors of production in a single surrogate country unless the data was either unavailable or unreliable.  *See e.g.* 19 C.F.R. §351.408(c)(2) and *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996).

10. Commerce also denied Senmao a by-product offset in the Preliminary Results. Preliminary Decision Memorandum at 25. This was contrary to the Department's consistent decisions in prior administrative reviews since the 2014-2015 review and there were no new facts that would justify treating Senmao differently in the present review. *See e.g. Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Partial Rescission of Antidumping Duty Administrative Review; 2014-2015*, 82 Fed. Reg. 25766 (June 5, 2017) and accompanying Issues and Decision Memorandum at Comment 13.

11. After briefing and a hearing, Commerce published its Final Results on July 1, 2022.  In the Final Results, Commerce continued to treat Brazil as the primary surrogate country while valuing Senmao's log inputs using Malaysian data. IDM at Comment 5.   Commerce also continued to deny Senmao a by-product offset.  Id. at Comment 6.

12. In addition, Commerce made further major changes to the Brazilian surrogate value data. Commerce revised the Brazilian surrogate value for plywood and revised its calculation of the surrogate financial ratios.  Id. at Comments 2 and 3.   The revisions to the plywood data were contrary to Commerce's practice for testing the reliability of the data based on whether the average unit value was aberrational in the aggregate and not to evaluate or remove specific line items from the data.  *See e.g. Crystalline Silicon Photovoltaic Cells from China*, 82 Fed. Reg.

29033 (June 27, 2017) and accompanying Issues and Decision Memorandum at Comment 12; *Certain Uncoated Paper from China*, 81 Fed. Reg. 3112 (Jan. 20,2016) and accompanying Issues and Decision Memorandum at Comment 2; *Multilayered Wood Flooring from China,* 80 Fed. Reg. 41476 (July 15, 2015) and accompanying Issues and Decision Memorandum at Comment l1.D.  The Department has explained in the past: "Otherwise, parties would advocate the manipulation of data by removing one or more line items they find objectionable, with the result that we would not be using the average prices for that category, but some subset thereof." Id.  Logs and plywood are primary inputs in the production of wood flooring.  Commerce's manipulation of the data resulted in creating large dumping margins with no basis in the law or the facts.

13.     If the Department cannot value logs and plywood using the unadjusted Brazilian data then the Department's conclusion that Brazil provides the best factors data is not supported by substantial evidence and is otherwise contrary to law.  Thus, the Department should have relied on Malaysia as the primary surrogate country.  *See e.g.* 19 C.F.R. §351.408(c)(2) and *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996).

14.     Finally, the Department's calculation of the financial ratios in the Final Results was not reasonable and was contrary to how the Department calculated the ratios using the same Brazilian financial statement in another review. *Wood Mouldings and Millwork Products From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 63 (January 4, 2021). As a result of all of these changes, Commerce calculated an antidumping duty margin for Senmao of 39.27 percent.

### V. COUNTS

### COUNT 1

15. Plaintiff hereby incorporates, by reference, paragraphs 1 through 14 above.

16. Commerce's decision to value Senmao's log inputs using surrogate value data from Malaysia, rather than data from the primary surrogate country, was not supported by substantial evidence or otherwise in accordance with law. This was contrary to Commerce's practice to value all factors of production in a single surrogate country and Commerce failed to demonstrate that the Brazilian log data was either unavailable or unreliable. *See e.g.* 19 C.F.R. §351.408(c)(2) and *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996).

### COUNT 2

17. Plaintiff hereby incorporates, by reference, paragraphs 1 through 16 above.

18. Commerce's decision to deny Senmao a by-product offset was not supported by substantial evidence or otherwise in accordance with law. The Department's decision was contrary to its consistent decisions in prior administrative reviews to grant Senmao a by-product offset and there were no new facts that would justify treating Senmao differently in the present review. *See e.g. Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Partial Rescission of Antidumping Duty Administrative Review; 2014-2015*, 82 Fed. Reg. 25766 (June 5, 2017) and accompanying Issues and Decision Memorandum at Comment 13.

## COUNT 3

19.     Plaintiff hereby incorporates, by reference, paragraphs 1 through 18 above

20.     Commerce's decision to revise the Brazilian surrogate value data for plywood was not supported by substantial evidence or otherwise in accordance with law. The revisions to the plywood data were contrary to Commerce's practice for testing the reliability of the data based on whether the average unit value was aberrational in the aggregate and not to evaluate or remove specific line items from the data.  *See e.g. Crystalline Silicon Photovoltaic Cells from China*, 82 Fed. Reg. 29033 (June 27, 2017) and accompanying Issues and Decision Memorandum at Comment 12; *Certain Uncoated Paper from China*, 81 Fed. Reg. 3112 (Jan. 20,2016) and accompanying Issues and Decision Memorandum at Comment 2; *Multilayered Wood Flooring from China,* 80 Fed. Reg. 41476 (July 15, 2015) and accompanying Issues and Decision Memorandum at Comment 11.D.

## COUNT 4

21.     Plaintiff hereby incorporates, by reference, paragraphs 1 through 20 above

22.     Commerce's calculation of the Brazilian financial ratios was not supported by substantial evidence and otherwise not in accordance with law.  The Department's calculation of the financial ratios was not reasonable and was contrary to how the Department calculated the ratios using the same Brazilian financial statement in another review. *Wood Mouldings and Millwork Products From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 63 (January 4, 2021).

## COUNT 5

23. Plaintiff hereby incorporates, by reference, paragraphs 1 through 22 above

24. Commerce's decision to select Brazil as the primary surrogate country, while also rejecting the Brazilian log data, adjusting the Brazilian plywood data, and revising the Brazilian financial ratios was not supported by substantial evidence or otherwise in accordance with law. Logs and plywood are primary inputs in the production of wood flooring.  If the Department cannot value logs and plywood using the unadjusted Brazilian data then the Department's conclusion that Brazil provides the best factors data is not reasonable and the Department should have relied on Malaysia as the primary surrogate country.  *See e.g.* 19 C.F.R. §351.408(c)(2) and *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996).

## PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiff respectfully requests that this Court:

(1) Remand with instructions to recalculate the antidumping duty margin assigned to Senmao in accordance with the decision of this Court;

2) Grant Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/Jeffrey S. Neeley
Jeffrey S. Neeley
Stephen W. Brophy
Husch Blackwell, LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, D.C. 20006
(202) 378 – 2357
Jeffrey.Neeley@huschblackwell.com

Dated: July 7, 2022