**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD.,** | |
| **Plaintiff,** | **Court No. 22-00190** |
| **LUMBER LIQUIDATORS SERVICES, LLC,** | |
| **Plaintiff-Intervenor,** | |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **AMERICAN MANUFACTURERS OF MULTILATYERED WOOD FLOORING,** | |
| **Defendant-Intervenor.** | |

**PLAINTIFF-INTERVENOR'S REPLY BRIEF**

This memorandum of points of law is submitted in support of the Reply Brief of Plaintiff-Intervenor, Lumber Liquidators Services, LLC, ("Lumber Liquidators"), a domestic importer of the subject merchandise.

Plaintiff-Intervenor challenges certain aspects of the final results of the ninth administrative review of the antidumping duty order on Multilayered Wood Flooring ("MLWF") from the People's Republic of China conducted by the United States Department of Commerce ("Commerce"). *Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments:*

1

*2019-2020*, 87 Fed. Reg. 39,464 (July 1, 2022) ("*Final Results*"), and accompanying Issues and

Decision Memorandum for the Final Results of Antidumping Duty Administrative Review:

Multilayered Wood Flooring from the People's Republic of China; 2019-2020, dated June 24,

2022 ("Final IDM").

  Plaintiff-Intervenor respectfully moves this Court to remand the case back to Commerce

with instructions to reconsider aspects of its determination in accordance with this Court's

decision.

          Respectfully submitted,

          CLARK HILL PLC

           */s/ Mark Ludwikowski*
          Mark Ludwikowski
          Kelsey Christensen

          1001 Pennsylvania Ave., N.W.
          Suite 1300 South
          Washington, DC 20004
          Tel. (202) 640-6680

          *Counsel for Lumber Liquidators Services,*
          *LLC*

Dated: February 6, 2023

**TABLE OF CONTENTS**

I.      INTRODUCTION ...............................................................................................5

II.     SUMMARY OF ARGUMENT .........................................................................6

III.    ARGUMENT .....................................................................................................7

    A.     LUMBER LIQUIDATORS ADEQUATELY EXHASTED ITS
        ADMINISTRATIVE REMEDIES AND ITS ARGUMENTS ARE
        MERITORIOUS .................................................................................7

    B.     COMMERCE ERRED BY NOT VALUING ALL FACTORS OF
        PRODUCTION FROM A SINGLE SURROGATE COUNTRY .........................10

IV.     CONCLUSION .................................................................................................12

## TABLE OF AUTHORITIES

**CASES**

*Boomerang Tube, LLC, TMK IP-SCO v. United States*, 856 F.3d 908, 913 (Fed. Cir. 2017) ............................................................................................................. 8

*Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) ................................. 12

*Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1345 (Fed. Cir. 2016) ........................... 9

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951) ..................................................... 12

**STATUTES**

19 C.F.R. § 351.408(c)(2) .......................................................................................................... 6, 11

19 U.S.C. § 1677b(c)(1) ................................................................................................................. 12

**OTHER AUTHORITIES**

Antidumping Duties; Countervailing Duties, 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996) ......................................................................................................................................... 6

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 36,886 (July 30, 2019) ................................................................................................ 10

*Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments: 2019-2020*, 87 Fed. Reg. 39464 (July 1, 2022) .......................................................... 6

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., LTD.,** | |
| **Plaintiff,** | **Court No. 22-00190** |
| **LUMBER LIQUIDATORS SERVICES, LLC,** | |
| **Plaintiff-Intervenor,** | |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant,** | |
| **and** | |
| **AMERICAN MANUFACTURERS OF MULTILATYERED WOOD FLOORING,** | |
| **Defendant-Intervenor.** | |

**REPLY BRIEF IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD BY PLAINTIFF-INTERVENOR LUMBER LIQUIDATORS SERVICES, LLC**

## I.    INTRODUCTION

Plaintiff-Intervenor, Lumber Liquidators Services, LLC ("Lumber Liquidators"), by and through their attorneys, hereby submit this Reply Brief in response to the brief filed by Defendant United States on January 9, 2023, opposing Plaintiff's and Plaintiff-Intervenor's Rule 56.2 Motions and Briefs filed on November 8, 2022. (ECF Nos. 38 and 39). In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, in addition to the arguments made herein, Lumber Liquidators hereby adopts by reference the arguments in the

Reply Brief filed by Plaintiff Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao") on February 6, 2023. The Court should grant Plaintiff's and Plaintiff-Intervenor's Rule 56.2 Motion and remand the case to U.S. Department of Commerce ("Commerce") with instructions to reconsider the final results in *Multilayered Wood Flooring From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments: 2019-2020*, 87 Fed. Reg. 39,464 (July 1, 2022) ("*Final Results*") (P.R 252)*,* and accompanying Issues and Decision Memorandum dated June 24, 2022 ("Final IDM") (P.R. 245). The review in question covers entries of multilayered wood flooring ("MLWF") for the period of December 1, 2019, through November 30, 2020.

Commerce improperly used surrogate value ("SV") data from Malaysia, rather than data from the primary surrogate country, Brazil, to value log inputs for the mandatory respondent Senmao. Commerce's decision to discard certain SV data from the primary surrogate country and to rely on aberrational Malaysian surrogate values for logs was not supported by substantial evidence or otherwise in accordance with law. This decision was contrary to Commerce's practice to value all factors of production in a single surrogate country, and Commerce failed to demonstrate that log data from the primary surrogate country was either unavailable or unreliable. *See, e.g.*, 19 C.F.R. §351.408(c)(2) and Antidumping Duties; Countervailing Duties (Proposed Rule), 61 Fed. Reg. 7,308, 7,345 (Feb. 27, 1996).

Plaintiff-Intervenor contests Commerce's antidumping duty ("AD") rate of 39.27 percent assigned to Senmao and the non-selected companies under review receiving a separate rate, as well as the underlying determinations leading to this calculation.

## II.   <u>SUMMARY OF ARGUMENT</u>

Commerce's decision to select Brazil as the primary surrogate country, while rejecting the Brazilian log data (and relying on log inputs from Malaysia instead), adjusting Brazilian

plywood data, and revising the Brazilian financial ratios was not supported by substantial evidence or otherwise in accordance with the law.

Lumber Liquidators adequately exhausted its administrative remedies and presented meritorious arguments. In examining the methodology used by Commerce in the *Final Results*, Lumber Liquidators argues that (1) Commerce erred by not valuing all factors of production from a single surrogate country, and (2) Commerce's final calculation, using surrogate value data from Malaysia, was not supported by substantial evidence. The Court should remand this determination to Commerce to rectify the issues identified above.

### III.    ARGUMENT

**A.    LUMBER LIQUIDATORS ADEQUATELY EXHASTED ITS ADMINISTRATIVE REMEDIES AND ITS ARGUMENTS ARE MERITORIOUS**

As a threshold matter, Lumber Liquidators adequately exhausted its administrative remedies. Defendant, in its argument to the contrary, failed to consider all arguments presented by Lumber Liquidators at the administrative level, including their incorporation by reference of arguments made by other respondents. Defendant also truncated and mischaracterized the sole quote from Lumber Liquidators' administrative filings that it presented to this Court. Moreover, the arguments presented to this Court by Lumber Liquidators are meritorious. While Defendant would prefer to characterize Lumber Liquidators' arguments as circular, the arguments are instead much more straightforward. While each segment constitutes its own proceeding, Commerce reached an anomalous result in calculating the final dumping margins for this review. Lumber Liquidators merely asserts that this anomalous result calls into question the methodology and evidence used to substantiate such a calculation.

As noted by Defendant, an interested party to the administrative proceeding should raise any objections in their case brief when it has notice that Commerce could use data in a certain way. Defendant Response at 19 (citing *Boomerang Tube, LLC, TMK IP-SCO v. United States*, 856 F.3d 908, 913 (Fed. Cir. 2017)) (ECF No. 43). Lumber Liquidators timely raised their objections in the following ways. First, Lumber Liquidators filed a letter in lieu of a case brief, on February 7, 2022 (P.R. 229). In this letter, Lumber Liquidators specifically stated that it "incorporate{d} by reference, the arguments made by mandatory respondent." Letter in Lieu of Case Brief at 2 (P.R. 229). Second, Lumber Liquidators also filed a rebuttal brief on February 17, 2022 (P.R. 234). In its rebuttal brief, Lumber Liquidators again stated that it "incorporate{d} by reference arguments made by other respondents in their rebuttal briefs." Lumber Liquidators Rebuttal Brief at 1 (P.R. 234). Moreover, Lumber Liquidators specified that Commerce's calculation of surrogate financial ratios – which yielded zero percent margins in the Preliminary Issues and Decisions Memorandum at 14 (P.R. 213) – was "reasonable, correct, and consistent with its established practice." Lumber Liquidators Rebuttal Brief at 2 (P.R. 234). The zero-margin calculated in the *Preliminary Results* was in line with results in all prior segments of the proceedings involving Senmao. The highest antidumping duty ("AD") margin assigned to Senmao in the prior proceedings was 13.74 percent in the 2nd review. In all other reviews in which it was selected as a mandatory respondent, Commerce assigned Senmao zero or *de minimis* AD rates, including a margin of 0.0 percent for Senmao in the 2018-2019 administrative review in which Commerce also used Brazil as a primary surrogate country. Not until the *Final Results*, did Commerce reveal a calculation that was unreasonable, incorrect, and inconsistent with its established practice and prior segments of this proceeding. Based on the foregoing,

Defendant had no rational basis to assert that Lumber Liquidators failed to exhaust its administrative remedies.

Defendant, in its argument that Lumber Liquidators did not exhaust administrative remedies, used only one quotation from Lumber Liquidators' filings with Commerce, and the quotation that it provided to this Court was replicated only in part and presented out of context. The quotation from Lumber Liquidators was *not* made in reference to oak log inputs. *See* Defendant Response at 19 (ECF No. 43). In the full quotation, Lumber Liquidators urged Commerce to reject arguments in Petitioner's case brief. The relevant quotation reads, *"{t}he Department should reject the arguments made by Petitioner in its case brief*, filed February 7, 2022, and decline to make any changes to its preliminary results." Lumber Liquidators Rebuttal Brief at 2 (emphasis added) (P.R. 234). Lumber Liquidators' rebuttal brief addressed the calculation of financial ratios, the valuation of labor, and also incorporated by reference arguments from Senmao. Nothing in this rebuttal brief, nor any other administrative filing by Lumber Liquidators, should be characterized as supporting Commerce's final calculations in the *Final Results*, which had not yet been published. Any suggestion to the contrary is not supported by the record. In sum, Lumber Liquidators timely and adequately raised their objections in their letter in lieu of case brief and in their rebuttal brief (P.R. 229, 234). Accordingly, this Court should find that Lumber Liquidators exhausted their administrative remedies.

Lumber Liquidators' arguments are meritorious. As Defendant concedes, "'results-orientated' outcomes are 'not intended by Congress.'" Defendant Response at 20 (quoting *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1345 (Fed. Cir. 2016)) (ECF No. 43). Yet a results-oriented outcome is exactly what Commerce produced by carving out data from the primary surrogate country and replacing it with the highest alternate data available. This Court

should disregard Defendant's attempt to mischaracterize Lumber Liquidators' argument as circular, and instead see it for what it is. Lumber Liquidators simply acknowledged that the high margin calculated in this review is anomalous, which naturally raises the question as to why? As discussed in detail below, Lumber Liquidators argue that the abhorrently high margin calculated for Senmao in the *Final Results* is indicative of a flawed methodology, namely: (1) Commerce erred by not valuing all factors of production from the single, primary surrogate country, and (2) Commerce's application of cherry-picked surrogate value data from Malaysia was results-driven and not supported by substantial evidence.

### B.   COMMERCE ERRED BY NOT VALUING ALL FACTORS OF PRODUCTION FROM A SINGLE SURROGATE COUNTRY

Commerce erred by not valuing all factors of production from a single surrogate country. Defendant asserts that "Commerce reasonably determined that the Brazilian data for the log inputs was unavailable or unreliable, and that Malaysian data for those inputs constituted the best available information because they were more product-specific." Defendant Response at 14 (ECF No. 43). Record evidence, however, contains available and reliable evidence from the primary surrogate country, Brazil. Senmao notes that Defendant has stated that "it is Commerce's well-established practice to rely upon the primary surrogate country for all surrogate values, whenever possible, and to only resort to a secondary surrogate country if data from the primary surrogate country are unavailable or unreliable." *See* Senmao Memorandum in Support of Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record at 10 (ECF No. 38) (citing, e.g., *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 Fed. Reg. 36,886 (July 30, 2019)).

In this review, Commerce selected Brazil as the primary surrogate country because it "found that the surrogate financial statements from Brazil were better than available financial statements from Malaysia." Defendant Response at 5 (ECF No. 43) (citing P.R. 213). Nonetheless, Commerce carved out surrogate value data from Brazil as to oak-log inputs and instead cherry-picked data from Malaysia. Commerce determined that Brazilian data were not available or reliable for valuing Senmao's log inputs, asserting that there was no oak-specific data from Brazil. Defendant Response at 6 (ECF No. 43). This undermines Commerce's selection of Brazil as a surrogate country since financial statements serve as a proxy for a comparable producer overall – not just for the parts of that producer's operations which Commerce prefers. In other words, the surrogate county selection exercise is not amorphous whereby it can be expanded to multiple countries after Commerce makes its original selection.

By not valuing all factors of production from a single surrogate country where, as here, relevant data is available on the record, Commerce exposes its methodology to margin shopping and results-driven analyses. While Commerce may not need apply any specific methodology, *see* Defendant Response at 13 (ECF No. 43), governing regulations indicate that Commerce "normally will value all factors in a single surrogate country," 19 C.F.R. § 351.408(c)(2). Defendant acknowledges that this is a practice designed to prevent parties from margin shopping. Defendant Response at 15 (ECF No. 43). The flexibility permitted by 19 U.S.C. § 1677b(c)(1) to use data from multiple surrogate countries is not applicable in this instance because, as discussed in more detail below, it was not applied to ensure use of the best available information.

Additionally, Commerce erred by not considering evidence on the record, which detracted from its determinations. Although the statute does not mandate Commerce to take into account a firm's "commercial reality," *see* Defendant Response at 18 (ECF No. 43), Commerce's

determinations must nonetheless be based on substantial evidence. As discussed above, the existence of substantial evidence must be determined in view of the record as a whole, including "whatever in the record fairly detracts from its weight." *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). In this case, the firm's "commercial reality" is an element that detracts from the weight of Commerce's *Final Results*. While each segment constitutes its own proceeding, an outlying result, such as this, is aberrational and is evidence that the underlying data or methodology are inaccurate. When all previous administrative reviews have, presumptively, been based on the best available evidence, existence of such an outlier indicates that, in this instance, Commerce's calculation was not based on the best available information. Commerce, by failing to account for the firm's "commercial reality," as it appears to concede, *see* Defendant Response at 18 (ECF No. 43), failed to base its determination on substantial evidence. Accordingly, this Court should remand this proceeding to Commerce to consider all evidence on the record, which fairly detracts from the weight of its *Final Results*.

## IV.   CONCLUSION

For the foregoing reasons, Commerce's *Final Results* are unsupported by substantial evidence and otherwise not in accordance with the law. Plaintiff-Intervenor respectfully requests that this Court remand this matter to Commerce so that the agency may fix the errors identified above.

Respectfully Submitted,

/s/ Mark Ludwikowski
Mark Ludwikowski
Kelsey Christensen
**CLARK HILL, PLC**

12

1001 Pennsylvania Ave., N.W.
Suite 1300 South
Washington, D.C. 20004
(202) 640-6680
mludwikowski@ClarkHill.com

*Counsel for Lumber Liquidators Services,*
*LLC*

Dated: February 6, 2023

## **<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiff-Intervenor's Memorandum of Law in Support of its 56.2 Motion, as computed by Clark Hill's word processing system Microsoft Office Professional, is  2,108   words, less than the 7,000 word limit.


*/s/ Mark Ludwikowski*
Mark Ludwikowski

*Counsel for Lumber Liquidators Services, LLC*


Dated: February 6, 2023

14

## <u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing was electronically filed on February 6, 2023, via the

Court's ECF filing system, which automatically serves notice on counsel of record.


<u>*/s/ Mark Ludwikowski*</u>
Mark Ludwikowski

*Counsel for Lumber Liquidators Services, LLC*


Dated: February 6, 2023