**Slip Op. 25-122**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JIANGSU SENMAO BAMBOO AND WOOD INDUSTRY CO., <br><br> Plaintiff, <br><br> and <br><br> LUMBER LIQUIDATORS SERVICES, LLC, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, <br><br> Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 22-00190 |

### OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's final results of redetermination pursuant to the third remand order in the antidumping duty review of multilayered wood flooring from the People's Republic of China.]

Dated:  September 15, 2025

Stephen W. Brophy, Husch Blackwell LLP, of Washington, D.C., for Plaintiff Jiangsu Senmao Bamboo and Wood Industry Co.

Mark R. Ludwikowski and Kelsey Christensen, Clark Hill PLC, of Washington, D.C., for Plaintiff-Intervenor Lumber Liquidators Services, LLC.

Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. Of counsel on the brief was Danielle V. Cossey, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C. Kelly M. Geddes, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., also appeared.

Timothy C. Brightbill, Stephanie M. Bell, Maureen E. Thorson, and Theodore P. Brackemyre, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor American Manufacturers of Multilayered Wood Flooring.

Choe-Groves, Judge: This action concerns the final results published by the U.S. Department of Commerce ("Commerce") in the 2019–2021 administrative review of the antidumping duty order on multilayered wood flooring from the People's Republic of China ("China"). See Multilayered Wood Flooring from the People's Republic of China ("Final Results"), 87 Fed. Reg. 39,464 (Dep't of Commerce July 1, 2022) (final results of antidumping duty administrative review; 2019–2020) and accompanying Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Multilayered Wood

Flooring from the People's Republic of China; 2019–2020 (Dep't of Commerce June 24, 2022) ("IDM"), PR 245.[1]

Before the Court is Commerce's third remand redetermination, filed pursuant to the Court's Opinion and Order in Jiangsu Senmao Bamboo & Wood Industry Co. v. United States ("Senmao III"), 49 CIT __, 762 F. Supp. 3d 1275 (2025). Final Results of Redetermination Pursuant to Court Remand ("Third Remand Redetermination"), ECF No. 84-1; see also Final Results of Redetermination Pursuant to Court Remand ("Second Remand Redetermination"), ECF No. 66-1; Final Results of Redetermination Pursuant to Remand Order ("Remand Redetermination"), ECF No. 55-1.

For the following reasons, the Court sustains the Third Remand Redetermination.

## BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case. See Senmao III; Jiangsu Senmao Bamboo and Wood Industry Co. v. United States ("Senmao II"), 48 CIT __, 698 F. Supp. 3d 1277 (2024); Jiangsu Senmao Bamboo and Wood Industry Co. v. United States ("Senmao I"), 47 CIT __, 651 F. Supp. 3d 1348 (2023).

---

[1] Citations to the administrative record reflect the second remand public record ("PR") numbers filed in this case, ECF No. 72.

On February 2, 2021, Commerce initiated the underlying administrative review of the antidumping duty order on multilayered wood flooring from China for the period from December 1, 2019, through November 30, 2020, and selected Jiangsu Senmao Bamboo and Wood Industry Co. ("Plaintiff" or "Senmao") as the mandatory respondent in the investigation. <u>Initiation of Antidumping and Countervailing Duty Admin. Review, Multilayered Wood Flooring from the People's Republic of China</u>, 86 Fed. Reg. 8166, 8169–71 (Dep't of Commerce Feb. 4, 2021).

In the <u>Final Results</u>, Commerce selected Brazil as the primary surrogate country, but valued Senmao's oak and non-oak logs with Malaysian surrogate values after determining that Brazil's surrogate values were not reliable. IDM at 9, 22; <u>Multilayered Wood Flooring from the People's Republic of China</u>, 86 Fed. Reg. 73,252 (Dep't of Commerce Dec. 27, 2021) (preliminary results of the antidumping duty administrative review, preliminary determination of no shipments, and rescission of review, in part; 2019–2020) and accompanying Decision Memorandum for the Preliminary Results of Antidumping Administrative Review at 17, PR 213. Commerce also adjusted Brazil's plywood surrogate values by excluding data it determined to be incorrect. IDM at 9–10. Ultimately, Commerce determined that Senmao's antidumping duty margin was 39.27%. <u>Final Results</u>, 87 Fed. Reg. at 39,465.

In Senmao I, the Court concluded that Commerce's determination was neither supported by substantial evidence nor in accordance with law for the following reasons: (1) Commerce failed to cite any record evidence to support its determination that Brazil's surrogate values regarding oak log inputs were unreliable; (2) Commerce failed to cite substantial evidence and provide a reasonable explanation for departing from its established practice of using one surrogate country and including Malaysian surrogate values instead for oak and non-oak log inputs; and (3) Commerce failed to include on the record the document on which it relied when adjusting the Brazilian plywood surrogate values by excluding data. Senmao I, 47 CIT at __, 651 F. Supp. 3d at 1357–61. The Court remanded for Commerce to reconsider its determinations. Id.

On remand, Commerce determined that it was correct to value Senmao's non-oak log inputs using Brazilian data and Senmao's oak log inputs using Malaysian data. Remand Redetermination at 15. Commerce maintained that it was proper to adjust the plywood surrogate values by removing the data it deemed erroneous and submitted as record evidence the document it failed to include on the record previously. Id. at 15–17.

In Senmao II, the Court concluded that Commerce failed again to cite record evidence in the remand redetermination to support the determination that Brazil was the appropriate primary surrogate country, and Commerce failed to provide a

reasonable explanation for its adjustment of the surrogate values for plywood. Senmao II, 48 CIT at __, 698 F. Supp. 3d at 1283–87.  The Court remanded both issues for further consideration.  Id.

On second remand, Commerce cited to record evidence to explain the considerations that guided the determination that Brazil and Malaysia fulfilled the surrogate country criteria and maintained that Brazil was the appropriate primary surrogate country.  Second Remand Redetermination at 5–8.  Commerce reiterated that its adjustment of the surrogate values for plywood resulted in a reliable dataset and declined to follow this Court's recommendation that Commerce obtain corrected data from the Parties.  Id. at 9, 24.

In Senmao III, the Court concluded that Commerce considered the appropriate factors and cited substantial record evidence to explain the use of two surrogate countries for the surrogate value inputs and the selection of Brazil as the primary surrogate country.  Senmao III, 49 CIT at __, 762 F. Supp. 3d at 1286.  Accordingly, the Court sustained these determinations.  Id.  With regard to the adjustment of the surrogate values for plywood, the Court concluded that Commerce's exclusion of data was erroneous and ordered Commerce to reopen the record on third remand to obtain accurate data for the surrogate values for imported plywood.  Id. at 1288.

Now before the Court is Commerce's <u>Third Remand Redetermination</u>. In its <u>Third Remand Redetermination</u>, Commerce requested alternative plywood surrogate value data from interested parties, examined alternative data placed on the record previously, and relied on Malaysian import data for plywood during the period of review after considering comments it received on its draft redetermination. <u>Third Remand Redetermination</u> at 6, 9–10.

## JURISDICTION AND STANDARD OF REVIEW

The U.S. Court of International Trade has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final results in an administrative review of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court also reviews determinations made on remand for compliance with the Court's remand order. <u>Ad Hoc Shrimp Trade Action Comm. v. United States</u>, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), <u>aff'd</u>, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Defendant United States asks the Court to sustain Commerce's <u>Third Remand Redetermination</u>. Def.'s Resp. to Comments on Commerce's Remand

Results, ECF No. 86.  No party filed comments opposing the <u>Third Remand Redetermination</u>.

 Commerce's <u>Third Remand Redetermination</u> is consistent with the Court's prior Opinion and Order in <u>Senmao III</u>.  On third remand, Commerce relied on data placed on the record previously, including historical data for Brazilian plywood imports and period of review import data from Malaysia.  <u>Third Remand Redetermination</u> at 6.  Based on this data, and comments from Senmao that were consistent with this Court's previous recommendation that Commerce use Malaysian import data, Commerce reconsidered its determination and relied on Malaysian import data to determine Senmao's plywood factors of production surrogate value.  <u>Id.</u> at 9–10; <u>see</u> <u>Senmao III</u>, 49 CIT at __, 762 F. Supp. 3d at 1289.

## CONCLUSION

Because the Court concludes that the Third Remand Redetermination is supported by substantial evidence and in accordance with law, and complies with the Court's remand order, the Court sustains the Third Remand Redetermination.

Accordingly, it is hereby

**ORDERED** that the Third Remand Redetermination is sustained. Judgment will be entered accordingly.

/s/ Jennifer Choe-Groves<br>Jennifer Choe-Groves, Judge

Dated: September 15, 2025
       New York, New York